YAN LIU, a.k.a. Chie Ikehata,
Petitioner,

v.

Michael B. MUKASEY [1], United States
Attorney General, Respondent.

No. 07–5224–ag.

United States Court of Appeals,
Second Circuit.

June 20, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Liu, a native and citizen of China, seeks review of the October 30, 2007 order of the BIA denying her motion to reopen. *In re Yan Liu,* No. A76 994 311 (B.I.A. Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ We find that the BIA did not abuse its discretion in denying Liu's motion to reopen as untimely. As the BIA noted, its prior decision was issued in January 2003; Liu did not file her motion until April 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that

Liu's motion did not qualify for an exception to the time limitation. *See id.* It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

■ Furthermore, despite Liu's submission of various allegedly official Chinese government documents, as well as recent country reports and a letter from her father-in-law, the BIA did not abuse its discretion in concluding that she failed to provide sufficient evidence to support her allegation that conditions in China have materially changed.[2] We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"); *Jian Huan Guan v. BIA,* 345 F.3d 47 (2d Cir.2003) (holding that the BIA did not abuse its discretion in denying a petitioner's untimely motion to reopen where petitioner submitted proof of the birth of her two sons, a letter from her parents warning of the danger of forced

---

2. In contrast to *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), there is no indication that the BIA failed to consider the documents Liu submitted in support of her motion to reopen. Indeed, while the BIA was

not required to expressly parse and refute each and every piece of evidence Liu offered, *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006), the detailed nature of its opinion suggests that it did so.

sterilization, and a purported sterilization certificate for her cousin who allegedly also had two children).

In addition, we find that the BIA did not abuse its discretion in concluding that Liu provided insufficient evidence that the birth of her U.S. citizen children violated the family planning policy in her area of residence in China, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (holding that "[i]n the absence of solid support in the record" for an applicant's assertion that she would be persecuted, the BIA did not err in denying asylum because her fear was "speculative at best"). As such, Liu failed to establish *prima facie* eligibility for asylum. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that the BIA properly denies a motion to reopen where the movant fails to demonstrate *prima facie* eligibility for the underlying substantive relief sought).

Finally, we note that Liu has waived any challenge to the agency's determination that she was not eligible to file a successive asylum application. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Here, there is no indication that declining to consider that issue would result in a manifest injustice, particularly in light of the BIA's proper finding that Liu failed to establish *prima facie* eligibility for relief. *See id.*

For the foregoing reasons, the petition for review is DENIED.